NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-1124


RONNIE CEASAR

VERSUS

CHASE BANK USA, N.A., ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-C-0069-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John E. Conery, Judges.


AFFIRMED.

**Ronnie R. Ceasar**
**In Proper Person**
**Post Office Box 1281**
**Opelousas, Louisiana 70571**
**(225) 328-4515**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Ronnie Ceasar**

**Ronald J. Bertrand**
**Attorney at Law**
**714 Kirby Street**
**Lake Charles, Louisiana 70602**
**(337) 436-2541**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **THE BANK (THE BANKSHARES, INC.)**

**CONERY, Judge.**

Pro-se plaintiff, Ronnie Ceasar ("Mr. Ceasar"), appeals the dismissal of his claims against defendant, THE BANK (THE BANKSHARES, INC.),[1] on the basis of the peremptory exception of no right of action. THE BANK has answered and appeals the denial by the trial court of its peremptory exception of prescription. For the following reasons, we affirm the dismissal of Mr. Ceasar's claims against THE BANK based on the peremptory exception of no right of action and pretermit as moot a ruling on the trial court's denial of THE BANK's peremptory exception of prescription.

## FACTS AND PROCEDURAL HISTORY

On January 4, 2012, Mr. Ceasar, as a pro-se plaintiff, filed a "Complaint," (hereinafter referred to as the original petition) against "Chase Bank (JP Morgan Chase Bank, N.A.)," (hereafter Chase Bank). Mr. Ceasar alleged a number of claims all relating to accounts at Chase Bank located in St. Landry Parish.

On September 17, 2012, Mr. Ceasar filed a document entitled "Complaint and Petition for Damages" (hereinafter referred to as the amended petition), naming for the first time as a defendant "'The Bank' of Jennings, LA" (THE BANK), seeking damages for the closure of a "civil rights savings account entitled P.O.W.E.R." Mr. Ceasar alleged the account was closed "simply because Mr. Ceasar was an <u>officer</u> on the account."

The P.O.W.E.R. account at issue, number 2001597, was opened at the Iowa Branch of THE BANK on April 12, 1999. The account was designated as a not-

---

[1]In his amended petition, Mr. Ceasar named "'The Bank' of Jennings, LA," which is the same legal entity as THE BANK. THE BANK is listed in their exceptions at paragraph three, as THE BANK (THE BANKSHARES, INC.). The July 29, 2013 judgment dismissed all claims of Mr. Ceasar as against THE BANK. Therefore, we will use THE BANK in this opinion.

for-profit corporate savings account, with "People On Weighing Equal Rights/POWER" as the designated account holder. Ron Ceasar was listed as the President/Treasurer, and Joyce D. Ceasar was listed as the Secretary of P.O.W.E.R. The officers of P.O.W.E.R. are "Ron Ceasar President/Director, Cheryl M. Ceasar, Vice-President and Nettie B. Artis, Director."

In response to Mr. Ceasar's amended petition, THE BANK filed a number of declinatory and dilatory exceptions, along with peremptory exceptions of prescription, no cause of action, and no right of action.

The exceptions were heard on July 15, 2013. The parties stipulated to venue and the court conducted a hearing on THE BANK's exceptions of no right of action and prescription. In support of THE BANK's peremptory exceptions of no right of action and prescription, THE BANK called as a witness Mr. Pete Keleman ("Mr. Keleman"), who was the Vice-President and Branch Manager of the Iowa branch of THE BANK at the time of the alleged improper closing of the P.O.W.E.R. account.

Mr. Keleman identified a document labeled TB #2,[2] which reflected two transactions in the P.O.W.E.R. account between April 30, 2011 and June 30, 2011. The second transaction, which is pertinent to our analysis, was a June 1, 2011 debit of the remaining balance of $10.94. Mr. Keleman then identified TB #3, which included a June 1, 2011 draft in the amount of $10.94 made to "PEOPLE ON WEIGHING EQUAL RIGHTS," and negotiated by Mr. Ceasar as the treasurer of P.O.W.E.R on June 6, 2011.

When questioned about why the P.O.W.E.R. account was closed, Mr. Keleman identified TB #4, which consisted of a letter dated May 27, 2011 from Mr.

---

[2] All exhibits introduced by THE BANK are identified by the docket clerk as "TB."

Ceasar concerning the "Campaign Fund Checking Account # 270-129-0." The letter indicates Mr. Ceasar's displeasure concerning the handling of that account and states in his handwriting: "P.S. Please close my account immediately," followed by his initials, "R.C."

Mr. Keleman interpreted Mr. Ceasar's request for closure of this account as a request to close all of Mr. Ceasar's accounts with THE BANK, including the P.O.W.E.R. savings account. All exhibits identified by Mr. Keleman were admitted without objection.

The trial court granted THE BANK's exception of no right of action on the basis that Mr. Ceasar had no legal standing to file suit on behalf of P.O.W.E.R. and could not represent P.O.W.E.R. as its attorney. Further, the record was devoid of any corporate resolution giving Mr. Ceasar the authority to either hire an attorney or to proceed pro se on behalf of P.O.W.E.R., a separate legal entity and the named owner of the account closed by THE BANK.

The trial court denied THE BANK's peremptory exception of prescription on the basis that Mr. Ceasar was "attempting to allege on behalf of P.O.W.E.R a breach of contract theory."

Mr. Ceasar now appeals the trial court's judgment dismissing his claim against THE BANK for the improper closure of the P.O.W.E.R. account. THE BANK answered the appeal and seeks to reverse the trial court's denial of its peremptory exception of prescription.

## LAW AND DISCUSSION

### *Standard of Review*

The Louisiana Supreme Court addressed appellate review of the exception of no right of action in *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267,

3

10-2272, 10-2275, 10-2279, 10-2289, p. 6 (La. 10/25/11), 79 So.3d 246, 255-56 (footnotes omitted), stating:

> By filing a peremptory exception of no right of action, a defendant challenges whether a plaintiff has such a real and actual interest in the action. La. C.C.P. art. 927(A)(6). At the hearing on the exception of no right of action, the exception may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. La. C.C.P. art. 931.
>
> The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter,* 2008–0215, p. 17 (La.12/2/08), 5 So.3d 819, 829.

The determination of whether a plaintiff has a right to bring an action raises a question of law which requires the court to conduct a *de novo* review of the record. *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.,* 06-582 (La. 11/29/06), 943 So.2d 1037.

*Peremptory Exception of No Right of Action*

The exhibits introduced by THE BANK at the hearing before the trial court on July 15, 2013, clearly demonstrate that the account at issue, number 2001597, designated "People On Weighing Equal Rights/POWER" as the account holder. Additionally, P.O.W.E.R. is identified by the Louisiana Secretary of State as an active non-profit corporation in good standing. The trial court's oral reasons found Mr. Ceasar's only claim against THE BANK was based on the alleged improper closing of the P.O.W.E.R. account.

Based on the allegations in Mr. Ceasar's amended petition and the law, the trial court ruled that Mr. Ceasar, as a pro-se litigant, could not act as the attorney to

4

bring a claim on behalf of P.O.W.E.R., a separate legal entity and the owner of the account. La.Civ.Code art. 24.[3]

Further, the trial court correctly found that the record was devoid of any documentary evidence in the form of a corporate resolution allowing Mr. Ceasar to retain an attorney on behalf of P.O.W.E.R., or to file a suit on its behalf in proper person as its corporate representative. Thus the trial court granted THE BANK's peremptory exception of no right of action and dismissed Mr. Ceasar's claim against THE BANK for improper closure of the P.O.W.E.R account. The trial court correctly analyzed the issues. We agree with the trial court's reasoning and affirm the judgment dismissing this suit based on the exception of no right of action.

Having affirmed the judgment of the trial court dismissing Mr. Ceasar's claim based on no right of action, we pretermit a ruling on THE BANK's appeal of the trial court's denial of its exception of prescription, as we find that issue is now moot. *Louisiana State Bd. of Nursing v. Gautreaux,* 09-1758 (La.App. 1 Cir. 6/11/10, 39 So.3d 806,811, *writ denied*, 10-1957 (La. 11/5/10), 50 So.3d 806.

## CONCLUSION

The July 29, 2013 judgment of the trial court dismissing the claims of Ronnie Ceasar against THE BANK on the basis of the peremptory exception of no right of action is affirmed. A review of THE BANK's appeal of the trial court's

---

[3] La.Civ.Code art. 24 provides:

There are two kinds of persons: natural persons and juridical persons.

A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.

denial of its exception of prescription is pretermitted as that issue is now rendered moot. All costs of this appeal are assessed to Ronnie Ceasar.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.** Uniform Rules-Courts of Appeal, Rule 2-16.3.